**Biao PAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70725, A75–734–708.**

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2004.*

Decided May 12, 2004.

Jisheng Li, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

na Niguel, CA, District Counsel, Office of The District Counsel, Honolulu, HI, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Linda S. Wernery, Thankful T. Vanderstar, U.S. Department of Justice, Washington, DC, for Respondent.

Before FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Biao Pan, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his application for asylum. Pan contends that he was in a common law relationship with a woman, A Zhen, who died after being forced to abort their child, and that he therefore falls within the definition of a refugee. Pan also claims that due to his friendship with Ah Hua, an alleged smuggler and Taiwanese spy, he has a well-founded fear of persecution should he return to China. Pan also claims that his opposition to China's coercive family planning policies demonstrates that he has well-founded fear of persecution should he return.

"Concern for the victims of [China's] harsh population control practices prompted Congress to amend the definition of refugee to include a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program." *Li v. Ashcroft,* 356 F.3d 1153, 1157 (9th Cir.2004) (citation and internal quotation marks omitted); *see also* 8 U.S.C. § 1101(a)(42)(B). Spouses of those forced to undergo an abortion or forcibly steri-

lized can establish persecution under § 1101(a)(42)(B) as well. *Id.; see also In re C–Y–Z–,* 21 I. & N. Dec. 915, 918 (BIA 1997).

■ Had Pan been married to A Zhen, he would have fallen under the protection of the statute. Pan maintains that he and Zhen could not marry because they were underage at the time. However, in response to China's prohibition against underage marriages, the protections afforded by 8 U.S.C. § 1101(a)(42)(B) have been extended to spouses who entered traditional, rather than legally registered, marriages. *See Ma v. Ashcroft,* 361 F.3d 553, 559 (9th Cir.2004). There is simply no evidence that the couple entered into a traditional marriage—a failure of proof which weakens the overall plausibility of Pan's story. Nor are there any *other* indicia of marriage to support his claim.

■ In his brief to the BIA, Pan failed to raise his withholding of removal and Torture Convention claims, and failed to appeal the IJ's determination that he did not have a well-founded fear of future persecution based upon his association with Ah Hua. Although Pan attempts to revive his claim that his connection with Ah Hua establishes that he has a well-founded fear of future persecution, we need not reach the merits of this particular claim given Pan's failure to raise the argument before the BIA.

Pan's alternative "well-founded fear" claim must fail as well. As noted above, when appealing his case to the BIA, Pan abandoned his argument that the likely repercussions of his friendship with Ah Hua demonstrated that he had a well-founded fear of future persecution. Instead, he argued that because he "suffered

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

past persecution based on his non-compliance with Chinese Birth Planning laws, and as a matter of law, opposition to coercive family planning laws is political opinion, [he] has a well-founded fear of persecution on account of his political opinion." Pan did not raise this claim in his opening brief. Therefore, it is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that "on appeal, arguments not raised by a party in its opening brief are deemed waived") (citation omitted).

**PETITION DENIED.**